Blanche C. OTTO, Executor of the Estate of Christopher P. Otto, Deceased, Appellant,

v.

Irwin STORK, M. F. Van Erdewyk, Valeria Schaefer, Mildred Brinker, and Ruth Ann Stark, Executors of the Estate of Ray Brinker, Deceased, Appellees.

No. 52885.

Supreme Court of Iowa.

June 11, 1968.

Wunschel & Schechtman, Carroll, and Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant.

Robert S. Bruner and Edward S. White, Carroll, for appellees.

MASON, Justice.

This is a law action by an executor for damages by reason of the death of her husband, Christopher P. Otto. Irwin Stork, operator of the tavern in which decedent was fatally injured, is the only defendant a party to this appeal. The trial court sustained motions by other defendants for directed verdict at the close of plaintiff's evidence and plaintiff has not appealed from that ruling.

Decedent, 65 when he died, part owner of a ballroom in Carroll, went to defendant's tavern in Breda the morning of September 11, 1964, while distributing dance bills advertising coming attractions at the ballroom. He had been distributing such posters about once a month since 1957 and had made similar trips to this tavern before and since defendant took over its operation July 1, 1963. It was decedent's practice to leave with each poster two complimentary tickets good for any Saturday night dance of the month when the tickets were given.

Defendant maintained a bulletin board on which the ballroom posters and other bills on farm sales were posted as a service to his customers, with information each bill would reflect. This board was in the northeast rear corner of the tavern near a trap door opening to the basement. The trap door lid, of wood similar to the dark brown floor, forms part of the floor in that area when shut. The door, hinged to the floor at its west edge, is opened by lifting its east side to lean vertically against a pool table to the West. When thus raised, a space about three feet wide from the east tavern wall, six to seven feet long, is left open.

The bar in the tavern located along the east side runs north and south; the north end being about 10 feet from the trap door.

When defendant arrived at the tavern about 7:30 that morning the trap door was closed. When he later went to the basement he raised the door and placed a chair in front of the opening before proceeding down the stairs. Coming from the basement about 9:30 defendant saw decedent entering the tavern at the front, south door. Defendant went on to the back room to dispose of some refuse he brought from the basement, leaving the trap door open. When defendant re-entered the tavern decedent was still toward the front of the building. However, as defendant started behind the north end of the bar to serve a customer he crossed in front of Otto, still some distance away but coming toward him.

Defendant said he did not notice Otto again until he was behind the bar, heard the chair move and actually saw Mr. Otto rolling north into the opening. Defendant immediately went to Otto's aid at the bottom of the stairs. Being unable to move him, he sought the help of two of the three customers in the tavern, called the firemen with oxygen, a nurse and the ambulance in which decedent was taken to Carroll.

I. Plaintiff alleged in Division I of her petition decedent was an invitee upon the premises, defendant's negligence was the proximate cause of decedent's injury and death and in Division II that he was a licensee by invitation. Defendant in answer admitted operation of the tavern, decedent's fall through the opening to the basement and his death from the injuries sustained; alleged decedent's negligence as the cause of his injury; denied the pleaded specifications of negligence and decedent's status as an invitee or licensee by invitation and alleged he was a mere licensee upon the premises.

Although the evidence was in some dispute as to the general lighting condition in the tavern, this does not go to the question of decedent's status while there. The facts bearing on defendant's negligence were given by him and are undisputed. He admitted leaving the trap door open as he momentarily forgot it to wait on a customer. He also admitted that in crossing in front of Otto on his way to the back of the bar he said nothing to him.

The court submitted to the jury the question whether decedent was a bare licensee, licensee by implied invitation or an invitee while on the premises. Defendant's failure to keep his premises in reasonably safe condition and to warn decedent of their unsafe condition were among the specifications of negligence submitted to the jury.

II. The jury returned a defendant's verdict and in answer to special interrogatories found decedent was a bare licensee. Following denial of plaintiff's motion for new trial she has appealed. Her three assignments of error questioned the correctness of the court's manner of submitting to the jury the question whether decedent was a bare licensee and the instruction on the duty owed such a licensee where a trap or pitfall is involved.

Plaintiff stresses the fact much of the evidence material to a determination of decedent's status, like the evidence as to defendant's negligence as previously noted, came from defendant and is undisputed. She contends the court should have determined decedent's status on the premises as a matter of law and should not have permitted the jury to speculate as to whether he was an invitee, licensee by invitation or bare licensee.

Plaintiff further contends that even if we determine the court properly submitted the question to the jury, it nonetheless failed to properly point out the extent of duty a possessor of premises owes to a bare licensee where a trap or pitfall is involved. She argues the duty of care by defendant is then greater than that normally owed to a bare licensee.

Plaintiff made timely objection to the giving of instructions 10 and 11. The portion of instruction 10 to which she directs her attack told the jury:

"The occupier has no duty to keep his premises in a reasonably safe condition for a bare licensee save that of not injuring him willfully or wantonly and to use such reasonable and ordinary care as the circumstances demand after his presence on the premises and his peril are known to avoid injuring him, *or if he knowingly permitted him to enter the premises where there were traps or pitfalls or other hidden dangers.*" (Emphasis supplied.)

It is plaintiff's position the jury could not have known from the emphasized portion of the instruction that under those circumstances the possessor of the premises was required to use due care toward decedent; the instruction permitted the jury to speculate on the duty owed a bare licensee where a trap or pitfall existed on the premises and the possessor knowingly permitted the licensee to enter thereon. She contends the jury should have been told that when a possessor knowingly permits a bare licensee to enter premises where there are traps, pitfalls or other hidden dangers, liability might arise; under those circumstances the law imposes a greater duty of care on the possessor than that normally owed to a bare licensee. Citing Mann v. Des Moines Ry. Co., 232 Iowa 1049, 7 N. W.2d 45; and Lattner v. Immaculate Conception Church, 255 Iowa 120, 121 N.W.2d 639.

Plaintiff objected to instruction 11 and interrogatory 1 for the reason they submitted to the jury decedent's status as a bare licensee.

The cited cases do not help plaintiff under our view. Plaintiff combines her three assignments of error in argument with the same brief points since they raise almost identical propositions of law. Rule 344(b), Rules of Civil Procedure.

III. We consider first plaintiff's contention the trial court should have determined decedent's status and not permitted the jury to speculate on the question. In support she argues that as a matter of law he was either an invitee on defendant's premises or no less than a licensee by implied invitation.

We do not agree.

As previously noted plaintiff makes her demand on the theory defendant breached a duty owed to decedent either as an invitee as alleged in Division I or as a licensee by implied invitation as alleged in the remaining division. She had the burden to prove by a preponderance of the evidence one or the other as a proximate cause of her husband's death.

In the absence of an admission by the adverse party, it is not often that a party having the burden of proof upon an issue establishes it as a matter of law. Frideres v. Lowden, 235 Iowa 640, 642, 17 N.W.2d 396, 397; Mineke v. Fox, 256 Iowa 256, 263, 126 N.W.2d 918, 921–922, and citations.

Plaintiff further argues the facts bearing on decedent's status not being in dispute, the court is obligated to determine as a matter of law his status on the premises.

Defendant in contesting plaintiff's right to recover not only denied decedent had the status of either an invitee or a licensee by implied invitation while on his premises but asserted he was no better than a bare licensee.

It is the settled law of this state that, although there is no dispute in the evidence, if the facts are susceptible to more than one inference or are such that reasonable minds may reach different conclusions therefrom, then the question becomes one of fact. Hassebroch v. Weaver Construction Co., 246 Iowa 622, 625–627, 67 N.W.2d 549, 551–552, and citations.

Rule 344(f)17, R.C.P., as amended provides:

"Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a jury question is engendered."

We cannot say as a matter of law that all minds would reasonably reach the same conclusion as to whether decedent was an invitee, licensee by implied invitation or bare licensee under the evidence in this record. Hence his status was properly submitted to the jury. The court was correct in not determining it as a matter of law.

IV. Plaintiff further contends even though we decide decedent's status was properly submitted to the jury, their consideration should have been limited solely to a determination he was either an invitee or licensee by implied invitation. She argues decedent was not a bare licensee as a matter of law and it was error for the court to define or mention this status in its instruction or give an interrogatory which permitted an affirmative finding on this question.

Both theories of recovery alleged in plaintiff's petition were submitted to the jury. She makes no objection to the court's definition of those terms or to the manner in which the duty owed to either was stated. As previously noted, defendant asserted decedent was no better than a bare licensee. Decedent's status while on the premises was an issue in the case.

We think it was proper to define the status of a bare licensee not as a basis for a plaintiff's recovery but as a guideline for the jury to use in applying the evidence to the definitions given of an invitee and licensee by implied invitation. Decedent had some status while on the premises and the jury was entitled to know what status he might have other than that on which plaintiff relied for recovery.

There was evidence which would justify a jury in finding Otto entered the tavern without objection or was there by the mere permission, sufferance or acquiescence of defendant.

V. Plaintiff makes no objection to the court's definition of a bare licensee. Her objection to instructions 10 and 11 is limited solely to the court's failure to mention the extent of duty owed to a bare licensee under the circumstances here. The question of the extent of this duty is not

involved under either theory alleged in plaintiff's petition. She does not allege defendant breached a duty owed to decedent as a bare licensee as a basis for recovery. Breach of duty owed to a bar licensee was not involved under the pleaded issues.

The jury's finding under a proper definition decedent had the status of a bare licensee was fatal to plaintiff's right to recover under such issues.

The court did not err in refusing to instruct on the extent of duty owed to a bare licensee under the circumstances here. Any ambiguity in the emphasized portion of instruction 10, supra, was not prejudicial to plaintiff.

VI. It necessarily follows the court did not err in overruling plaintiff's motion for a new trial.

Finding no error, the matter is

Affirmed.

All Justices concur.